THE STATE, EX REL. SOLOMON, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Solomon, v. Indus. Comm.
(1975), 42 Ohio St. 2d 70.]

(No. 74-753—Decided April 9, 1975.)

*Chester T. Freeman Co., L. P. A.,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Michael J. Hickey, Mr. J. Michael Monteleone* and *Mr. Victor P. Kademenos,* for appellees.

*Per Curiam.* At issue here is the action of the commission in light of R. C. 4123.57(B) which reads, in pertinent part, as follows:

"* * * No application for subsequent percentage determinations on the same claim for injury or occupational disease shall be accepted for review by the commission unless supported by substantial evidence of new and changed circumstances developing since the time of the hearing on the original or last determination."

The entire file of the commission was before the Court of Appeals. The medical records, as noted by the Court of Appeals, reflect "a continuing, painful condition." The file also reflects an award of temporary total benefits covering a period of hospitalization from September 6, 1969, through September 21, 1969 or subsequent to the original six percent permanent disability rating. However, the medical disability opinions subsequent to the original six percent rating of the commission, while higher than the agreed six

percent rating, are not higher than the percentages which supported that six percent rating. Moreover, the fact of temporary total disability benefits having been awarded subsequent to the original six percent disability rating is not persuasive in itself of ''substantial evidence of new and changed circumstances'' under R. C. 4123.57(B).

There is no question here that the Industrial Commission has discretion to evaluate the medical evidence. The new medical evidence before the commission was, upon reconsideration of its December 15, 1971, order, found not to justify an increase in percentage of permanent partial disability. The commission's action does not reflect an abuse of discretion to support mandamus since the governing statute, R. C. 4123.57(B), specifically requires ''substantial evidence of new and changed circumstances developing since the time of the hearing on the original or last determination.''

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.